IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| U.S. LIQUIDS, INC. | § | CASE NO. 04-41522-H5-7 |
|     Debtor | § | (Chapter 7) Jointly Administered |
| ---------------------------------------------------- | | |
| RODNEY TOW, TRUSTEE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 11-3135 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, LIBERTY MUTUAL | § | |
| FIRE INSURANCE COMPANY, | § | |
| LIBERTY INSURANCE CORPORATION, | § | |
| EMPLOYERS INSURANCE OF | § | |
| WASAU, WASAU GENERAL | § | |
| INSURANCE COMPANY, WAUSAU | § | |
| UNDERWRITERS INSURANCE | § | |
| COMPANY, and WAUSAU BUSINESS | § | |
| INSURANCE COMPANY | § | |
|     Defendants | | |

**Trustee's Response to Defendants' Motion to Dismiss
Trustee's First Amended Complaint for Turnover of Estate
Property or, in the Alternative, Motion for More Definite Statement**

**TO THE HONORABLE KAREN BROWN, UNITED STATES BANKRUPTCY JUDGE:**

Rodney Tow, Trustee, files his Response to Defendants' Motion to Dismiss Trustee's First Amended Complaint for Turnover of Estate Property, or, in the Alternative, Motion for More Definite Statement, and in support thereof would show unto this Court as follows:

**I. Jurisdiction**

1. The Trustee admits the jurisdictional, core, and venue allegations set forth in the first three sentences of paragraph 1 of the Motion. The Trustee is not required to admit or

deny the remaining allegations for the reason that they merely set forth the relief sought by the Defendants.   However, for purposes of this Response, denies same.

## II.  Background

### A.  Procedural Background

2. The Trustee admits the allegations set forth in paragraph 2 of the Motion.

3. The Trustee admits the allegations set forth in paragraph 3 of the Motion.

4. The Trustee admits the allegations set forth in paragraph 4 of the Motion.

5. The Trustee admits the allegations set forth in paragraph 5 of the Motion.   The Trustee would submit that service was not achieved on the Defendants as the address set forth in the Original Complaint for the Defendants' Agent for service of process was incorrect - apparently the Agent had relocated between the time the Trustee initially drafted the Complaint and the time the Complaint was filed.

6. The Trustee admits the allegations set forth in paragraph 6 of the Motion.    The Trustee would submit that the Second Summons was also returned unserved.

7. The Trustee admits the allegations set forth in paragraph 7 of the Motion.   Counsel for the Defendants received courtesy copies of the Original Complaint and contacted Trustee's Counsel regarding service on the Defendants' Agent.    When Trustee's Counsel was having problems achieving service, she inquired whether Defendants' Counsel would accept service on behalf of their clients or provide the Trustee with the proper address for the Defendants' Agent.   Defendants' Counsel refused to accept service on behalf of their clients and did not provide the requested address for the Agent.

8. The Trustee admits the allegations set forth in the first sentence of paragraph 8 of the Motion.   The Trustee denies the remaining allegations set forth therein.   The Trustee

would submit that service was achieved on both the Agent for the Defendants and on the President of the Defendants on May 6, 2011. An executed summons was filed with this Court on June 3, 2011, evidencing service on both the Defendants' Agent and their President.

B. **The Amended Complaint**

9. The Trustee admits the allegations set forth in paragraph 9 of the Motion. The Complaint shall be amended to specifically assert a claim for turnover pursuant to Section 542 of the Bankruptcy Code.

10. The Trustee admits the allegations set forth in paragraph 10 of the Motion. The Trustee would submit that he has been working with Defendants' Counsel to obtain turnover of this Estate Property since September 5, 2005. As the Defendants continued to stall and delay turning over the remainder of the Estate's Property, the Trustee was forced to bring legal action through his Complaint.

### III. Relief Requested

11. The Trustee is not required to admit or deny the allegations set forth in paragraph 11 of the Motion for the reason that it merely requests the relief sought by the Defendants. However, for purposes of this Response, denies each and every allegation set forth therein.

12. The Trustee is not required to admit or deny the allegations set forth in paragraph 12 of the Motion for the reason that it merely requests the relief sought by the Defendants. However, for purposes of this Response, denies each and every allegation set forth therein.

13. The Trustee is not required to admit or deny the allegations set forth in paragraph 13 of

the Motion for the reason that it merely requests the relief sought by the Defendants. However, for purposes of this Response, denies each and every allegation set forth therein. The Trustee would submit that the facts are elementary: 1) the Defendants took the funds which became Estate Property on the date of filing, 2) the Trustee has been trying since 2007 to obtain a return of that Estate Property, and 3) the Estate is entitled to interest on the wrongfully withheld funds.

14. The Trustee is not required to admit or deny the allegations set forth in paragraph 14 of the Motion for the reason that it merely incorporates the Defendants' brief in support of the Motion.

15. In support of this Response, the Trustee incorporates by reference the Trustee's Brief in Support of the Trustee's Response to Defenants' Motion to Dismiss Trustee's First Amended Complaint for Turnover of Estate Property, or, in the Alternative, Motion for More Definite Statement which is being filed contemporaneously with this Response. Respectfully submitted this 24th day of June, 2011.

**TOW & KOENIG, PLLC.**

By: */s/ Julie M. Koenig*
Julie M. Koenig
Federal ID# 10396
SBA# 14217300
Glenna England Crews
Federal ID# 15313
SBA# 00783898
Rodney Tow, Trustee
Federal ID# 3196
26219 Oak Ridge Drive
The Woodlands, Texas 77380
281/681-9100 (Telephone)
832/482-3979 (Telecopier)
jkoenig@towkoenig.com
Attorneys for the Trustee

**Certificate of Service**

      I hereby certify that a true and correct copy of the foregoing has been served by Nicole Oakley, a legal assistant in my office, on all of the parties listed below, either by ECF notification or by first class mail, proper postage affixed, on the 24th day of June, 2011.

                                                          /s/ *Julie M. Koenig*
                                                       Julie M. Koenig

Kevin M. Lippman
Zachery Z. Annable
500 N. Akard Street, Ste. 3800
Dallas, Texas 75201-6659